UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL CARR, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:21-CV-325 SRW |
| | ) | |
| THE AMERICAN BOTTLING CO., et al., | ) | |
| | ) | |
| | ) | |
| Defendant(s). | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Michael Carr's Motion to Remand. (ECF No. 12).

## I.    BACKGROUND

Plaintiff Michael Carr filed this suit in the Circuit Court of St. Louis County against his former employer, Dr. Pepper/Seven Up, Inc., and its allegedly related entities, American Bottling Co. and Dr. Pepper/Seven Up Manufacturing Co. (collectively "Defendants"). (ECF. No. 8, at 2). Plaintiff asserts two claims against Defendants. Count I alleges a violation of Missouri's Workers' Compensation Retaliation statute, Mo. Rev. Stat. § 287.780. Count II alleges a violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. 2601, *et seq.* for retaliation.

On March 15, 2021, Defendants timely removed the matter to this Court, asking the Court to sever Count I and remand it back to the state court while retaining jurisdiction over Count II. Plaintiff filed a Motion to Remand, asking the Court to remand the entire case to the state court because the workers' compensation claim is nonremovable under 28 U.S.C. § 1445(c). (ECF No. 13, at 9).

1

## II.    STANDARD

A defendant may remove to federal court any state court civil action over which the federal court could exercise original jurisdiction. 28 U.S.C. § 1441(a). Federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The [removing] defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). The federal court must remand the case to state court if it appears the federal court lacks subject matter jurisdiction. *Id.*; 28 U.S.C. § 1447(c). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." 591 F.3d at 620.

## III.   DISCUSSION

While a district court has original jurisdiction of any civil action arising under the Constitution, laws, or treaties of the United States, it also has supplemental jurisdiction over all other claims that are so related to the federal-law claims that they form a part of the same case or controversy. 28 U.S.C. §§ 1331, 1367(a). However, certain claims are statutorily nonremovable. State workers' compensation laws are one such area. 28 U.S.C. § 1445(c) ("A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."). Both parties agree that Count I must be remanded back to the state courts as it is not a removable claim. However, the parties disagree as to whether Count II should also be remanded. The crux of Plaintiff's argument concerns the intersection of 28 U.S.C. § 1441(c) and § 1445(c).

Prior to 2011, § 1441(c) provided:

Whenever a separate and independent claim or cause of action within the jurisdiction conferred by § 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may

2

determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

At the end of 2011, Congress amended § 1441(c), and it now provides:

> (1) If a civil action includes—
>     (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of § 1331 of this title), and
>     (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
>
> (2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

The parties do not dispute that this case involves a nonremovable workers' compensation claim under § 1445(c), and a federal claim under the FMLA. Plaintiff argues that § 1441(c) and § 1445(c) are irreconcilable in the sense that § 1445(c) explicitly bars removal of a workers' compensation claim and § 1441(c) allows such removal, albeit as a preliminary step to remand the claim. Plaintiff further contends the Court should deny jurisdiction over both claims because § 1441(c) uses the permissive language, "may be removed," while § 1445(c) gives no exception, and the Court must construe the removal statutes strictly and in the light most favorable to the party seeking remand.

The Court disagrees. First, there is no conflict between §§ 1441(c) and 1445(c). Section 1445(c), last amended in 1996, was well-established when Congress amended § 1441(c) in 2011. Section 1441(c) addresses the statutorily nonremovable claims in § 1445(c) by providing that a case which includes a claim arising under federal law and a claim "made nonremovable by statute" may be removed if it would be removable without the inclusion of the nonremovable claim. The statute then provides that the district court shall sever the nonremovable claim and

3

remand the severed claim to the state court. Thus, § 1441(c) works in concert with § 1445(c) because it addresses the removal of actions with nonremovable claims under § 1445(c) and also preserves the state court's jurisdiction over the nonremovable claims. Plaintiff admits that § 1441(c) only allows the removal of an otherwise nonremovable claim as a preliminary step to remand the claim to the state court. Therefore, under §§ 1441(c) and 1445(c), this Court should sever Count I and remand it to state court while retaining jurisdiction over Count II.

Second, the Court cannot abdicate its jurisdiction over the FMLA claim when the claim was properly removed. The Supreme Court has long held that "[w]hen a federal court is properly appealed to in a case over which it has by law jurisdiction, it is its duty to take such jurisdiction." *Willcox v. Consol. Gas Co. of New York*, 212 U.S. 19, 40 (1909); *see also New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 358 (1989) ("Our cases have long supported the proposition that federal courts lack the authority to abstain from the exercise of jurisdiction that has been conferred."); *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (stating that federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them"). Underlying the rule is "the undisputed constitutional principle that Congress, and not the Judiciary, defines the scope of federal jurisdiction within the constitutionally permissible bounds." *New Orleans Pub. Serv., Inc.*, 491 U.S. at 359.

The Eighth Circuit has reached the same conclusion, stating the term "shall" in § 1331 means that "federal courts must accept and cannot reject [federal question] jurisdiction." *McLaurin v. Prater*, 30 F.3d 982, 984–85 (8th Cir. 1994). Specifically, the Eighth Circuit stated in *Green v. Ameritrade* that "[w]here a party seeks to have remanded to state court a case that has been removed . . . a district court has no discretion to remand a claim that states a federal

4

question." *Green v. Ameritrade, Inc.*, 279 F.3d 590, 596 (8th Cir. 2002). Plaintiff argues

allowing parallel litigation in state court and federal court would be both absurd and unjust.

However, "the pendency of an action in the state court is no bar to proceedings concerning the

same matter in the Federal court having jurisdiction, for both the state and Federal courts have

certain concurrent jurisdiction over such controversies." *McClellan v. Carland*, 217 U.S. 268,

282 (1910).

  Plaintiff's FMLA claim arises under the laws of the United States. Therefore, the Court

cannot reject its federal question jurisdiction over the FMLA claim and remand that claim to the

state court. Although the Supreme Court recognized certain "exceptional circumstances" where a

federal court may decline to exercise its jurisdiction, such as "proper constitutional adjudication"

or "regard for federal-state relations," *Colorado River*, 424 U.S. at 817 (internal quotation marks

omitted), such circumstances are not present in this case. Plaintiff argues he should not be forced

to litigate on two fronts because it would be inefficient. However, he raises no specific

arguments to avoid the long-standing holdings of the Supreme Court and the Eighth Circuit.

  Third, precedents in this circuit have held that under § 1445(c) and the amended §

1441(c), a federal court should sever and remand the workers' compensation claim and retain

jurisdiction over the claims that arise under federal law. In *Parks v. Barnes-Jewish Hospital*,

pursuant to §§ 1441(c) and 1445(c), this Court retained federal question jurisdiction over

Plaintiff's Title VII claim and severed the nonremovable workers' compensation retaliation

claim to the state court. No. 4:20-CV-01818-MTS, 2021 WL 463516, at *2 (E.D. Mo. Feb. 9,

2021). In *Campbell v. Anytime Labor-Kansas, LLC*, the court remanded the workers'

compensation claim and, citing *Green*, declined to remand the claims that arose under federal

law because § 1441(c) "contemplates that the federal court will retain claims otherwise within its

original or supplemental jurisdiction." No. 16-00142-CV-W-GAF, 2016 WL 2743541, at *4-5 (W.D. Mo. May 11, 2016). Similarly, in *Hearring v. Just Us of Columbia, LLC*, the court remanded the workers' compensation claim but refused to remand the claims arising under the Fair Labor Standards Act ("FLSA"), because they present federal questions over which the court has original jurisdiction. No. 2:15-CV-04255-NKL, 2016 WL 299040, at *2 (W.D. Mo. Jan. 25, 2016).

Courts from other circuits have reached similar conclusions. *See Bivins v. Glanz*, No. 12-CV-103-TCK-FHM, 2012 WL 3136115, at *2 (N.D. Okla. Aug. 1, 2012) (holding that the amended § 1441(c) requires the court to sever and remand the workers' compensation claim and retain jurisdiction over the claims that arise under federal law); *Turbe v. Whirlpool Corp.*, No. 13-CV-0466-CVE-PJC, 2013 WL 5675958, at *2 (N.D. Okla. Oct. 18, 2013) (following *Bivins* and holding that § 1441(c) requires the court to remand only the workers' compensation claim and provides the court with no discretion to retain jurisdiction over the entire case or to remand the entire case due to the presence of a nonremovable claim); *Miley v. Hous. Auth. of City of, Bridgeport*, 926 F. Supp. 2d 420, 429 (D. Conn. 2013) (remanding the workers' compensation claim and retaining jurisdiction over the federal § 1983 claims pursuant to § 1441(c)).

Plaintiff relies on *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1245 (8th Cir.1995) and *Wood v. American Residential Services, L.L.C.*, 4:11-cv-278-HEA, 2011 WL 1660564, at *2 (E.D. Mo. May 3, 2011), to allege that under § 1445(c), a case is not removable even if it presents a federal question or there is diversity. However, both cases were decided before § 1441(c) was amended. Before the amendment, § 1441(c) provided that when an action involves a claim that arises under federal question jurisdiction and an otherwise nonremovable claim, the entire case may be removed, and the district court has the discretion to either "determine *all*

6

issues therein, or . . . remand *all* matters in which State law predominates" (emphasis added).

The prior version of § 1441(c) thus advised against partial remand but rather required the court to

either remand or retain jurisdiction of the case as a whole. However, the amended § 1441(c)

provides no such discretion. Rather than treating all claims as a whole, the amended statute

mandates the district court to "*sever from the action* all [nonremovable] claims . . . and . . .

*remand the severed claims* to the State court." Therefore, partial remand is a necessary result

under the current removal statute.

      For these reasons, pursuant to the amended § 1441(c) and § 1445(c), the Court will sever

Count I, the Workers' Compensation Retaliation claim under Mo. Rev. Stat. § 287.780, and

remand Count I to the state court. The Court will retain jurisdiction over Count II, the FMLA

claim.

      Accordingly,

      **IT IS HEREBY ORDERED** that Plaintiff Michael Carr's Motion to Remand is

DENIED to the extent it seeks remand of Count II. Count I is severed from Count II, and Count I

is remanded to the state court. The Court retains jurisdiction over Count II.

      So Ordered this 3rd day of May, 2021.

                              ***/s/ Stephen R. Welby***
                              STEPHEN R. WELBY
                              UNITED STATES MAGISTRATE JUDGE